IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE:  THE MATTER OF TAIRA LYNN LIMITED NO. 7, etc., et al., PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | ) ) ) ) ) ) | CIVIL ACTION 13-0318-WS-C |
| IN RE:  THE MATTER OF THE COMPLAINT OF KIRBY INLAND MARINE, L.P., etc., PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | ) ) ) ) ) ) | CIVIL ACTION 13-0319-WS-C |
| IN RE:  THE MATTER OF THE COMPLAINT OF AEP RIVER OPERATIONS LLC, etc., et al., PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | ) ) ) ) ) ) ) ) | CIVIL ACTION 13-0321-WS-C |

### ORDER

Certain claimants have filed motions to consolidate these three actions. *In re: The Matter of Taira Lynn*, Doc. 27; *In re: The Complaint of Kirby Inland Marine*, Doc. 40; *In re: The Complaint of AEP River Operations*, Docs. 31, 33. The Court provided all parties ample time to object, and none have done so.

A district court has authority to order consolidation of multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). These actions easily meet that requirement.

Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal

questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated.  *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). "District courts in this circuit have been urged to make good use of Rule 42(a) … in order to expedite the trial and eliminate unnecessary repetition and confusion." *Young*, 59 F.3d at 1169 (internal quotes omitted). These considerations, as applied to the posture and allegations of these lawsuits, persuade the Court to exercise its discretion in favor of consolidation.

Accordingly, the motions to consolidate are **granted**.  To effectuate consolidation, the Clerk is directed to extract documents 1 through 67 in Civil Action No. 13-0319-WS-C, and documents 1 through 57 in Civil Action No. 13-0321-WS-C, and to make those documents a part of the court file in Civil Action No. 13-0318-WS-C.  Furthermore, the Court finds there is no reason to maintain the latter-filed actions as open files, and the Clerk is thus directed to statistically close Civil Action No. 13-0319-WS-C and Civil Action No. 13-0321-WS-C.  The parties are **ordered** to file all future filings only in Civil Action No. 13-0318-WS-C and to include only that case number and style.

DONE and ORDERED this 30th day of August, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE