IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:  THE MATTER OF TAIRA       )
LYNN LIMITED NO. 7, etc., et al., )
PRAYING FOR EXONERATION           )   CIVIL ACTION 13-0318-WS-C
FROM OR LIMITATION OF             )
LIABILITY                         )

**ORDER**

This matter is before the Court on the motion of Andre Files for leave to file answer and claim.  (Doc. 365).[1]  The limitation plaintiffs have filed briefs in opposition, (Docs. 372-74), and the motion is ripe for resolution.

On April 24, 2013, a fire and explosions occurred on the Mobile River.  Three asserted owners of four vessels arguably connected with the incident filed separate limitation or exoneration proceedings under Supplemental Rule F, which actions have been consolidated.  The Court gave notice under Rule F(4), setting a deadline of August 21, 2013 by which to file claims.  Twenty claimants – five injured persons, four spouses, two injured entities, two insurers and seven persons and entities claiming, or related to those claiming, limitation – did so.

On December 4, 2014, Files filed the instant motion.  According to his motion and accompanying affidavit, he was employed along with other individual claimants by one of the entity claimants and was himself injured by the fire and explosions.  Files states he did not file a claim by the deadline because his physical injuries were not serious and because he was in any event unaware of the deadline.  Files states he later began experiencing psychological symptoms, described as "traumatic nightmares, anxiety and blackouts," which became more severe over time.  In June 2014, Files sought psychiatric treatment for these symptoms.  (Doc. 364).  Also in June 2014, Files sought legal advice regarding his injuries.  (Doc.

---

[1] Files separately filed an affidavit.  (Doc. 364).  That document has not been "terminated," as certain limitation plaintiffs suggest.  (Doc. 374 at 3 & n.2).

365 at 3). On July 17, 2014, certain limitation plaintiffs noticed his deposition. (Doc. 373-1 at 7-8; Doc. 365 at 4). The deposition took place on August 26, 2014, with Files accompanied by counsel. (Doc. 372-1 at 1-2).

"For cause shown, the court may enlarge the time within which claims may be filed." Supplemental Rule F(4). "[W]e readily accept the guiding principle … that so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims … *upon a showing of the reasons therefor*." *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963) (emphasis added, internal quotes omitted).

The limitation plaintiffs argue that Files must show not merely "cause" but "good cause" for his delay. (Doc. 372 at 3; 373 at 7). Neither Rule 4(F) nor *Texas Gulf Sulphur* employs the latter term, but the limitation plaintiffs insist that the new Fifth Circuit has adopted such a standard, which this Court should follow "given the close historical relationship between the Eleventh and Fifth Circuits." (*Id.*).

The Court cannot agree that the Fifth Circuit has imparted a "good cause" gloss on Rule 4(F). The limitation plaintiffs rely on *In re: Trace Marine Inc.*, 114 Fed. Appx. 124 (5th Cir. 2014), which did use a good cause standard but which did so based only on a citation to *Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349 (5th Cir. 1993). 114 Fed. Appx. at 127. *Golnoy Barge*, however, did not employ or even mention a "good cause" test; that phrase appears only in a headnote to the opinion.

The only appellate case known to have addressed the issue concluded that "late claimants in admiralty proceedings need not show 'good cause.'" *Alter Barge Line, Inc. v. Consolidated Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001). Rather, "the 'cause' required in this [limitation] context is minimal; an explanation rather than a justification for the delay will suffice." *Id*. The Court has conducted no independent survey, but a sister court recently noted that,

"instead of 'good cause,' most courts apply what is referred to as a 'minimal cause' standard." *In re: Complaint of Seastreak, LLC*, 2014 WL 3339557 at *2 (D.N.J. 2014). Among this majority are at least two sister courts within this Circuit. *In re: Orion Dredging Services, LLC*, 2010 WL 883809 at *2 (M.D. Fla. 2010) (Richardson, M.J.); *In re: Hartwig*, 2007 WL 2209235 at *3 (M.D. Fla. 2007) (Sharp, J.).

The Court need not resolve which is the appropriate standard, because Files has not met even the most forgiving. As noted above, by June 2014 Files knew he had received significant psychological injury from the fire and explosions, and by July 2014 he knew (from his deposition notice) that these limitation proceedings had been instituted. Moreover, he had the assistance of counsel from June 2014 forward. Assuming without deciding that Files has shown minimal cause for not seeking to file a claim before July 2014, he has offered not the slightest suggestion of an explanation why he did not do so before December 2014, a good 4½ months later.[2]

The limitation plaintiffs make various arguments concerning the adverse effect on themselves and other claimants of allowing a late claim by Files, but the Court need not consider them. "[R]elief from a tardy claim is not a matter of right [but] depends upon an equitable showing," beginning with "a showing of the reasons" for the delay. *Texas Gulf Sulphur*, 313 F.2d at 962-63. Without a threshold explanation by Files of the reasons he did not seek to file a claim before December 2014, even a complete absence of prejudice to others would not support equitable relief.

For the reasons set forth above, the motion for leave to file answer and claim is **denied**.

---

[2] Instead, Files suggests his inability to explain his delay during this extended period should not matter because he "has been a participant in this action as a witness to the events giving rise to this cause." (Doc. 365 at 4-5). Being a witness, of course, is not a substitute for filing a claim and does not interfere with one's ability or incentive to file a claim. It is therefore irrelevant.

DONE and ORDERED this 22nd day of December, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE
