IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:  THE MATTER OF TAIRA              )
LYNN LIMITED NO. 7, etc., et al.,        )
PRAYING FOR EXONERATION                  )   CIVIL ACTION 13-0318-WS-C
FROM OR LIMITATION OF                    )
LIABILITY                                )

ORDER

This matter is before the Court on the motion of Andre Files to reconsider. (Doc. 386).  The limitation plaintiffs have filed briefs in opposition, (Docs. 394-96), and the motion is ripe for resolution.

As set forth in more detail in the Court's previous order, (Doc. 377), these consolidated limitation or exoneration proceedings grew out of a fire and explosions on the Mobile River on April 24, 2013.  The Court gave notice under Rule F(4), setting a deadline of August 21, 2013 by which to file claims.  Files was employed by one of the claimants and was injured in the incident.  He filed a motion for leave to file answer and claim on December 4, 2014, some fifteen months after the deadline for doing so.

"For cause shown, the court may enlarge the time within which claims may be filed."  Supplemental Admiralty Rule F(4).  For reasons set forth in its previous order, the Court concludes that the "cause" required by Rule F(4) "is minimal; an explanation rather than a justification for the delay will suffice." *Alter Barge Line, Inc. v. Consolidated Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001).  This standard accords with the former Fifth Circuit's articulation of the "guiding principle" under Rule F(4):  that, "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims … *upon a showing of the reasons therefor*."  *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362

(5th Cir. 1963) (emphasis added, internal quotes omitted).  The Court specifically rejects the limitation plaintiffs' proposal to read "cause" as identical to "good cause."  (Doc. 372 at 3; Doc. 373 at 7).

In its previous order, the Court concluded that Files had failed to attain this relaxed standard.  Even though he had offered an explanation for his failure to file an answer and claim before July 2014 (not knowing of the deadline, not believing his injuries were serious, not tying his psychological issues to the incident), he offered no explanation for his delay between July 2014 (when he was deposed in this action, represented by counsel) and December 2014.  On motion to reconsider, Files explains this delay as due to counsel's error in waiting until he was "satisfied that [Files'] injuries merited filing a claim so as not to waste this Court's time." (Doc. 386 at 4).

This statement probably does not rise to the dignity of a justification for the delay, but it does constitute an explanation for it.[1]  One limitation plaintiff objects that Files "has failed to explain exactly what the 'attorney error' entails," (Doc. 394 at 5), but the quotation from the preceding paragraph does precisely that. Another limitation plaintiff complains that the proffered explanation does not "make sense," (Doc. 396 at 4), which appears to be an effort to resurrect the good cause standard by other means.  The Court agrees that delaying the filing of a known claim while satisfying oneself that it is worth pursuing is a questionable litigation tactic, but it does in fact explain the delay and so suffices under Rule F(4).

The limitation plaintiffs focus most of their attention on persuading the Court that Files should not be permitted to supplement his original explanation to

---

[1] *See, e.g., Alter Barge*, 272 F.3d at 397 ("The explanation Pherigo provides – attorney error – meets the minimal cause requirement."); *In re: Seastreak, LLC*, 2014 WL 5529249 at *2 (D.N.J. 2014) ("[T]he Court agrees that Lindo need not show good cause and that attorney neglect is a sufficient reason to permit his late claim."); *In re: Lynchburg Shipyard*, 2002 WL 31427344 at *2 (E.D. La. 2002) (cause based on "the fault of [the claimants'] attorney in failing to properly note the date for filing the claim").

cover the time period from July to December 2014.  This effort begins with the unusual assertion that there is no legal authority for a motion to reconsider an interlocutory order.  (Doc. 394 at 1, 4, 5; Doc. 395 at 1).  However, "an interlocutory order is subject to reconsideration at any time prior to entry of final judgment."  *Covenant Christian Ministries, Inc. v. City of Marietta*, 654 F.3d 1231, 1242 (11th Cir. 2011).  Because the Court's previous order did not resolve all rights and liabilities of all parties, it is interlocutory in nature.  *Id*. (citing Fed. R. Civ. P. 54(b)).

>    The Court has often repeated the parameters of a motion to reconsider:
>
>    The grant or denial of a motion to reconsider is left to the discretion of the trial court.  *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc).  Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion.  *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997).  Nor may it be used to "relitigate old matters."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotes omitted).  Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted).

*Gross-Jones v. Mercy Medical*, 2012 WL 2416651 at *1 (S.D. Ala. 2012).[2]

The plaintiffs in intervention argue that Files' explanation for his delay from July to December 2014 fits within none of these categories, since he could have offered the explanation in his original motion.  (Doc. 394 at 1, 4-5; Doc. 395 at 1-2; Doc. 396 at 4-5).  They have forgotten, however, that "[a]dmiralty is administered with equitable liberality and a simultaneous freedom from restraints or frustrations occasioned by technicalities or formal imperfections."  *Texas Gulf*

---

[2] The limitation plaintiffs invoke the substantially similar test employed under Rule 59(e).  Although reconsideration of an interlocutory order is not subject to Rule 59(e), *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000), the same general standards largely apply.

*Sulphur*, 313 F.2d at 362. The "equitable nature of admiralty proceedings" means that "parties are given every opportunity to place their entire case before the court and to correct errors at any stage of the proceedings." *Alter Barge*, 272 F.3d at 397. Given this liberal bent, given that Files did not totally neglect to explain his delay but left unaddressed only four of the fifteen months at issue, and given that his explanation is the same carelessness of counsel that apparently underlay his failure to offer the explanation previously, the Court concludes that reconsideration is appropriate to prevent manifest injustice to Files.

Because Files has made a "showing of the reasons" for his delay, the Court must "freely grant permission to file [his] late claims," at least "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected." *Texas Gulf Sulphur*, 313 F.2d at 362 (internal quotes omitted). The limitation proceeding is certainly pending and undetermined – indeed, trial is still almost two years in the future. (Doc. 159 at 3).

The limitation plaintiffs identify two forms of prejudice if Files is permitted to pursue his tardy claim. First, because discovery began last spring, several depositions will have to be re-taken late in the discovery period in order to focus on Files' injuries, negligence and so forth. Second, adding a claimant will reduce the ultimate recovery to other claimants should limitation be permitted. (Doc. 372 at 6; Doc. 373 at 7-8; Doc. 374 at 6).

The limitation plaintiffs identify no deposition other than that of Files himself that will have to be re-convened to fully address his claim, making it difficult for the Court to be impressed that "certain" or "some" witnesses will need to be re-deposed. (Doc. 372 at 6; Doc. 373 at 8; Doc. 374 at 6; Doc. 395 at 3). And because what deposed witnesses know of what occurred that fateful night, including the conduct of Files (a co-employee of several claimaints), presumably was thoroughly explored in their initial depositions, it is difficult to imagine that any re-convened deposition will require substantial time. The March 30, 2015 discovery deadline, (Doc. 159 at 3), is no serious impediment, especially given

that trial is not scheduled until November 2016 and that even dispositive motions are not due until March 2016. (*Id*. at 6).

The limitation plaintiffs rely on *Texas Gulf Sulphur* and *In re: Miss Belmar II Fishing Inc.*, 2014 WL 1217771 (D.N.J. 2014), for the proposition that a dilution of a limitation fund by an additional claimant constitutes prejudice. (Doc. 373 at 5-6; Doc. 374 at 4-5). The claimants in *Texas Gulf Sulphur* raised such an argument, but the Fifth Circuit did not address its merit. 313 F.2d at 362-63. Moreover, the claim of the tardy claimant was almost as large as the limitation fund, *id*. at 362, such that it would have had a significant impact on the potential recovery of the timely claimants. The combined limitation fund in this case is approximately $3.2 million, and there is no indication that Files' relatively modest injury – easily dwarfed by those of most of the other twenty claimants herein – is worth more than a small fraction of this amount. It thus appears that Files' claim would have no more than a minor impact on other claimants' recovery should limitation be permitted.

The Court in *Miss Belmar* noted that "[t]he addition of new claimants at this late stage might also jeopardize the funds available to the remaining Claimants and force Plaintiffs in Limitation to reevaluate the settlement offers already extended." 2014 WL 1217771 at *9. Here, the limitation plaintiffs have not asserted that they have made settlement offers or that any such offers might be withdrawn based on the existence of an additional claimant.

Finally, it is worth noting that none of the claimants other than the limitation plaintiffs have objected to Files' claim on this or any other ground, which suggests they do not share the limitation plaintiffs' concern. In sum, while adverse effect on the rights of the limitation plaintiffs and other claimants is not wholly lacking, it is unremarkably modest.

For the reasons set forth above, Files' motion to reconsider is **granted** and, upon reconsideration, his motion for leave to file answer and claim, (Doc. 365), is

**granted**.  Files is **ordered** to file and serve his claim on or before **February 25, 2015**.  Files is **ordered** to file and serve his answer on or before **March 4, 2015**.

DONE and ORDERED this 18th day of February, 2015.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE