IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:  THE MATTER OF TAIRA      )
LYNN LIMITED NO. 7, etc., et al.,      )
PRAYING FOR EXONERATION      )   CIVIL ACTION 13-0318-WS-C
FROM OR LIMITATION OF      )
LIABILITY      )

# ORDER

This matter is before the Court on the motion of defendant Paul Jones to dismiss.  (Doc. 348).  The interested parties have filed briefs in support of their respective positions, (Docs. 349, 356, 357, 370), and the motion is ripe for resolution.

Two sets of claimants (the Tyson and Benoit claimants and the Bordelon claimants) filed amended claims that for the first time included claims against Jones.  (Docs. 284, 295).  The only allegations as to Jones are that he is the (or an) owner and/or manager of defendants Oil Recovery Company, Inc. of Alabama ("ORC") and ORCA, Inc. ("ORCA") and that, at the time of the subject incident, he "was operating a tank barge cleaning and degassing facility on property leased to ORC by ORCA, on property owned by ORCA."  Jones moves to dismiss under Rule 12(b)(6) for failure to satisfy the pleading standards of Rule 8(a).

To survive dismissal under Rule 12(b)(6), a complaint must first satisfy the pleading requirements of Rule 8(a)(2).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …."  Fed. R. Civ. P. 8(a)(2).  Rule 8 establishes a regime of "notice pleading."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14 (2002).  It does not, however, eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action. "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2). The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule. *Twombly*, 550 U.S. at 555. There must in addition be a pleading of facts. Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard … asks for more than a sheer possibility that the defendant has acted unlawfully," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotes omitted). A complaint lacking "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" will not "survive a motion to dismiss." *Id*. But so long as the plausibility standard is met, the complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotes omitted).

The claimants admit they do not assert that Jones is vicariously liable for the wrongs of the corporate entities. (Doc. 356 at 1-2).[1] Instead, they seek to hold him liable for wrongs he personally committed. (*Id*. at 2). The only allegations mentioning Jones, however, say nothing about him having personally committed any wrong; rather, they allege only that, as owner and/or manager of ORC and ORCA, he operated a tank barge cleaning and degassing facility. That is a perfectly neutral allegation.

The claimants respond that their claims assert that "ORC and Mr. Paul Jones was [sic] operating" the facility, on land owned and leased by ORCA, which they argue means they have alleged that Jones was "jointly operating" the facility with ORC and ORCA. (Doc. 356 at 9). They then point out that their claims "allege a number of specific things that ORC and ORCA did wrong." (*Id*.). Without so stating, they apparently take the position that, whatever they allege the entities did wrong, they also allege that Jones did wrong. That simply does not follow. Asserting that multiple persons or entities engaged in a common business, in the course of which one of them committed a wrong, does not and cannot constitute an allegation that another of them committed a wrong.[2] Certainly the claimants have not offered to show the contrary. Insisting that Jones must know what they intend to sue him for, (*id*. at 10), is no substitute for allegations that set forth his wrongdoing.

Because the claimants have failed to allege a cause of action against Jones, he is entitled to dismissal. The claimants seek leave under Rule 15(a) to file an amended claim against Jones. (Doc. 356 at 10-11). However, since the claimants

---

[1] The Bordelon claimants merely "adopt and incorporate" the briefing of the other claimants. (Doc. 357 at 1). Accordingly, all citations are to the brief filed by the Tyson and Benoit claimants.

[2] Suppose a complaint alleges that a husband and wife jointly operate a business and that the husband has defrauded a customer. Has the complaint thereby alleged that the wife defrauded the customer? Obviously not. The wife may in fact have defrauded the customer, but the complaint does not so allege. Or the wife may be vicariously liable for her husband's fraud, but the claimants here deny reliance on any such theory.

3

sought leave to file their current, amended claims, the deadline established by the Rule 16(b) scheduling order for filing motions to amend the pleadings has passed. (Doc. 227).  To avoid that deadline, the claimants must satisfy the "good cause" standard of Rule 16(b)(4), a burden they have neither acknowledged nor attempted to shoulder.

For the reasons set forth above, Jones' motion to dismiss is **granted**.  All claims brought against him, or attempted to be brought against him, by the Tyson, Benoit and Bordelon claimants are **dismissed**.  The claimants' requests for leave to file amended claims, construed as motions for such relief, are **denied without prejudice** to the claimants' ability to file properly supported motions addressing Rule 16(b) as well as Rule 15(a).

DONE and ORDERED this 19th day of February, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE